506 S.E.2d 74

**STATE of West Virginia ex rel. ALL-STATE INSURANCE COMPANY, Allstate Indemnity Company, Larry G. Verbosky and Jeffrey Lawrentz, Petitioners,**

v.

**Honorable Thomas A. BEDELL, Judge of the Circuit Court of Harrison County, and Geraldine B. Riley, d/b/a The Wholesale Auto Outlet, Respondents.**

No. 24796.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 17, 1998.

Decided July 8, 1998.

Dissenting Opinion of Justice McCuskey Sept. 2, 1998.

McCuskey, J., dissented and filed statement.

Brent K. Kesner, Tanya M. Kesner, Ellen R. Archibald, Kesner, Kesner & Bramble, Charleston, for Petitioners.

David J. Romano, Michael J. Romano, Law Offices of David J. Romano, Clarksburg, for Respondents.

PER CURIAM:[1]

This original proceeding arises from a first-party insurance action pending in the Circuit Court of Harrison County. Allstate Insurance Company, Allstate Indemnity Company, Larry G. Verbosky, and Jeffrey Lawrentz (hereinafter collectively "Allstate") seek a writ of prohibition from this Court directing the circuit judge to refrain from enforcing two orders entered December 4, 1997. The orders in question denied All-

state's motion to bifurcate, into separate trials, the bad faith and breach of contract claims of Geraldine B. Riley, d/b/a The Wholesale Auto Outlet (hereinafter "Wholesale Auto"), and required Allstate to respond to discovery requests relating to the bad faith claims. The issues presented are as follows: In a first-party action against an insurance carrier, where an insured asserts both an insurance contract claim and a "bad faith" claim for unfair settlement practices under *W.Va.Code* § 33–11–4(9) [1985], must the trial court (1) bifurcate the claims, (2) stay the trial of the bad faith claim, and (3) stay all discovery on the bad faith claim pending resolution of the contract claim? We answered each of these questions in the negative in *Light v. Allstate Insurance Company*, 203 W. Va. 27, 506 S.E.2d 64 (1998). Accordingly, pursuant to our holding in *Light*, the writ of prohibition is denied.

## I.

### FACTUAL BACKGROUND

On or about June 23, 1995, Matthew McKinney was involved in a motor vehicle accident while driving an automobile that he had purchased from Wholesale Auto. McKinney's vehicle was insured by Allstate. Wholesale Auto had partially financed McKinney's purchase of the car and was named as an additional insured in the insurance policy.

Following the accident, McKinney and Wholesale Auto's employees contacted Allstate agent Larry Verbosky and made claims for the damage to McKinney's vehicle, which was a total loss. Allstate advised them that the policy covering the vehicle had been terminated due to McKinney's failure to furnish a copy of his driver's license. Allstate denied coverage on that basis.

For nearly two years after the accident, Wholesale Auto tried to obtain compensation from Allstate for its loss. Allstate remained unwilling to pay the claim. Having failed to procure payment under the policy, Wholesale Auto filed a complaint against Allstate in the Circuit Court of Harrison County. In its

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

complaint, Wholesale Auto alleges breach of the insurance contract and fraud (Counts I & III). Wholesale Auto also alleges that Allstate violated the Unfair Trade Practices Act, *W. Va.Code* § 33–11–4, and handled Wholesale Auto's claim in bad faith under the common law [2] and the Unfair Claim Settlement Practices Act, *W. Va.Code* § 33–11–4(9) (Count II).

On July 17, 1997, Wholesale Auto served a set of First Combined Discovery Requests on Allstate. Allstate answered the requests but objected to certain requests relating to the bad faith claims. Allstate then filed a Motion to Bifurcate and Stay, seeking bifurcation of the bad faith claims and a stay of discovery on the bad faith claims pending resolution of the contract claim. Wholesale Auto filed a written response to Allstate's motion, as well as a Motion to Compel Discovery and Request for Sanctions.

A combined hearing on the parties' motions was held on October 15, 1997. Subsequently, on December 4, 1997, the circuit judge entered a Memorandum, Opinion and Order, denying Allstate's Motion to Bifurcate and Stay and permitting discovery on the bad faith claims to proceed. On the same date, the circuit judge also entered an Agreed Order, which stayed discovery with regard to the bad faith claims in order to allow for the disposition of a petition for writ of prohibition, should Allstate choose to file one. Allstate then instituted the present prohibition proceeding, seeking to have this Court prohibit enforcement of the circuit court's December 4, 1997 orders.

## II.

### STANDARD OF REVIEW

The appropriate standard of review upon a petition for writ of prohibition was recently recited by this Court in *State ex rel. W.Va. Fire & Cas. v. Karl,* 199 W.Va. 678, 487 S.E.2d 336 (W.Va.1997):

> " ' "In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." Syllabus Point 1, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).' Syllabus Point 12, *Glover v. Narick,* 184 W.Va. 381, 400 S.E.2d 816 (1990)." Syllabus Point 1, *State ex rel. Doe v. Troisi,* 194 W.Va. 28, 459 S.E.2d 139 (1995).

*Karl,* 487 S.E.2d at 341 & Syl. Pt. 1; *see also* Syl. Pt. 1, *State ex rel. U.S. Fidelity and Guar. Co. v. Canady,* 194 W.Va. 431, 460 S.E.2d 677 (1995). In addition, we give questions of law and statutory interpretations a *de novo* review. *Karl,* 487 S.E.2d at 341 (citing Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995)).

## III.

### DISCUSSION

The issues now before this Court are whether an insured's first-party statutory bad faith claim against his or her insurer, under *W.Va.Code* § 33–11–4(9) [1985], must be bifurcated from the insured's contract claim against the insurer, and, if so, whether trial and discovery with regard to the bad faith claim must be stayed pending resolution of the contract claim. We addressed these precise issues in *Light v. Allstate Insurance Company,* 203 W. Va. 27, 506 S.E.2d 64 (1998), where we held in Syllabus Points 2 & 3:

2. Although we express no opinion here regarding the existence of a first-party cause of action for common law bad faith, we point out that this Court recently held in *Elmore v. State Farm Mutual Automobile Insurance Company, et al.,* 202 W.Va. 430, 504 S.E.2d 893 (1998) (5–0 decision), that a third party has no cause of action against an insurance carrier for common law breach of the implied covenant of good faith and fair dealing or for common law breach of fiduciary duty.

2. In a first-party bad faith action against an insurer, bifurcation and stay of the bad faith claim from the underlying action are not mandatory. Under Rule 42(c) of the West Virginia Rules of Civil Procedure a trial court, in furtherance of convenience, economy, or to avoid prejudice, may bifurcate and stay a first-party bad faith cause of action against an insurer.

3. Trial courts have discretion in determining whether to stay discovery in a first-party bad faith claim against an insurer that has been bifurcated and stayed. Factors trial courts should consider in determining whether to stay discovery when bifurcation has been ordered in a bad faith action include: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery. The party seeking to stay discovery on the bad faith claim has the burden of proof on the issue.

Under our holding in *Light,* bifurcation of Wholesale Auto's statutory bad faith claim from its contract claim was not mandatory. Nor was the trial court constrained to stay the trial of the bad faith claim. Furthermore, since the trial court decided against bifurcating the bad faith claim, the question of staying discovery on that claim, a matter within the discretion of the trial court under *Light* when bifurcation has been ordered, is moot. Therefore, we find no error in the trial court's denial of·Allstate's Motion to Bifurcate and Stay.

## IV.

## CONCLUSION

For the foregoing reasons, the writ of prohibition is denied.

Writ denied.

McCUSKEY, Justice, dissenting:

(Filed Sept. 2, 1998)

For the reasons set out in my dissent to *Light v. Allstate Insurance Co.,* 203 W.Va. 27, 506 S.E.2d 64 (1998), I also dissent in this case presenting the same issue.